Opinion issued May 12, 2005




     





In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00033-CR




JOHN WAYNE BATES, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 212th District Court
Galveston County, Texas
Trial Court Cause No. 90CR0288




O P I N I O N

          Appellant, John Wayne Bates, challenges the trial court’s order denying his
motion for post-conviction DNA testing. In his sole point of error, appellant contends
that the trial court erred in denying his motion for forensic DNA testing. We affirm.
Background
          A jury convicted appellant of aggravated sexual assault and sentenced him to
life imprisonment. In 1992, this Court affirmed appellant’s conviction. See Bates v.
State, No. 01-90-00809-CR, 1992 WL 76400 (Tex. App.—Houston [1st Dist.] Apr.
16, 1992, pet. ref’d) (not designated for publication). In July 2001, appellant filed a
pro se motion requesting DNA testing. In August 2001, the trial court appointed
counsel to represent appellant on his motion for DNA testing. 
          In his motion, appellant argued that he was entitled to post-conviction DNA
testing of the rape kit that was collected during the investigation of his case. 
Appellant stated that the evidence should be retested because the original findings
were inconclusive. The original laboratory results showed that no spermatozoa or
acid phosphates were detected. However, the original laboratory results also
indicated that pulled hair, pubic hair, and “loose head hair” had been taken from the
complainant. Appellant contended that the loose head hair had not been tested and
that it might have come from a third person. He contended that at the time of the first
tests, the DNA testing technology “was not capable of providing accurate probative
results,” but stated that “newer testing techniques will provide accurate probative
results” that could identify the person who committed the offense. The trial court
found the motion legally sufficient to warrant a hearing.
          At the hearing, the State argued that appellant’s motion should be denied. The
State first stated that the technology used to detect DNA had not changed since 1990,
the time of the original results. The State introduced an affidavit from K. Gibson, an
evidentiary records custodian for the Texas Department of Public Safety. Gibson
stated that the current screening procedures and limits on detection are the same as
in 1990, and, therefore, no better analysis than the previous one is possible. 
          The State then stated that in 1990 the results of the rape kit were negative and
that the State and appellant stipulated to such at his trial. The State argued that
although the lack of appellant’s DNA in the rape kit was exculpatory evidence,
appellant was nevertheless prosecuted and convicted. The State outlined the trial
testimony of S. Brown. Brown was the outcry witness and an eyewitness. Brown
testified at trial that she walked in on appellant and the complainant just after the act
had occurred. Brown stated that she saw the complainant crying as she sat on the
couch with her panties around her ankles. Brown looked around the room and saw
appellant behind the door pulling up his pants.
          During the course of the hearing, the court asked whether the “loose hairs”
noted in the rape kit had been tested. The hearing was adjourned while the State
attempted to answer the court’s question. Upon reconvening, appellant’s attorney
stated, “There were no foreign hairs found in the victim’s rape kit, all right?”
          After reviewing all the evidence presented, the trial court found the evidence
insufficient to order forensic DNA testing because “[t]he convicted person has failed
to establish by a preponderance of the evidence that . . . a reasonable probability
exists that the person would not have been prosecuted or convicted if exculpatory
results had been obtained through DNA testing.” This appeal followed.
Discussion
          Before a trial court can order post-conviction DNA testing, the convicted
person must meet the requirements of article 64.03 of the Code of Criminal
Procedure. Act of April 3, 2001, 77th Leg., R.S., ch. 2, § 2, 2001 Tex. Gen. Laws 3
(amended 2003) (current version at Tex. Code Crim. Proc. Ann. art. 64.03 (Vernon
Supp. 2004–2005)).


 The relevant portion of article 64.03 states that “[a] convicting
court may order forensic DNA testing under this chapter only if . . . the convicted
person establishes by a preponderance of the evidence that . . . a reasonable
probability exists that the person would not have been prosecuted or convicted if
exculpatory results had been obtained through DNA testing.” Act of April 3, 2001,
77th Leg., R.S., ch. 2, § 2, 2001 Tex. Gen. Laws 3 (amended 2003).
          The convicted person must show that a reasonable probability exists that the
DNA tests would prove his innocence. Rivera v. State, 89 S.W.3d 55, 59 (Tex. Crim.
App. 2002). “A ‘reasonable probability’ is a probability sufficient to undermine
confidence in the outcome.” Torres v. State, 104 S.W.3d 638, 640 (Tex.
App.—Houston [1st Dist.] 2003, pet. ref’d) (citing Ex Parte Guzmon, 730 S.W.2d
724, 733 (Tex. Crim. App. 1987)). A reasonable probability of innocence does not
exist if there is sufficient evidence, other than the evidence in question, to establish
guilt. Id. at 640. The convicted person does not meet this burden if the results would
“merely muddy the waters.” Rivera, 89 S.W.3d at 59 (citing Kutzner v. State, 75
S.W.3d 427, 439 (Tex. Crim. App. 2002)).
          We apply a bifurcated standard of review to a trial court’s decision to deny
post-conviction DNA testing. Id. Accordingly, we afford almost total deference to
the trial court’s determination of issues of historical fact and its application of the law
to fact issues that turn on an evaluation of credibility and demeanor. Id. We review
de novo other application of law to fact issues, including the ultimate question of
whether the trial court was required to grant a motion for DNA testing under chapter
64 of the Code of Criminal Procedure. Id.
          In his brief, appellant argues that if the loose head hair included in the rape kit
contained the DNA of a third party, the results “would provide at least some evidence
of impeachment.” Appellant does not argue that the hairs would prove his innocence;
instead, he argues he could have attacked the complainant’s credibility. However,
attacks on credibility are not a valid reason for DNA testing under chapter 64. See
Act of April 3, 2001, 77th Leg., R.S., ch. 2, § 2, 2001 Tex. Gen. Laws 2–5, (amended
2003) (containing statutory provisions governing post-conviction requests for DNA
testing). 
          Appellant was convicted on evidence that included a rape kit that did not
contain DNA evidence connecting appellant to the crime. At trial, appellant and the
State stipulated that the rape kit had negative results. This was exculpatory evidence
and yet appellant was still prosecuted and convicted. There is no evidence that a third
person’s hair, which was not tested, was in the rape kit or that new techniques exist
for testing the same DNA evidence. 
          Appellant has not proved by a preponderance of the evidence that a reasonable
probability exists that he would not have been convicted if he were permitted to
conduct DNA testing. See Act of April 3, 2001, 77th Leg., R.S., ch. 2, § 2, 2001 Tex.
Gen. Laws 3 (amended 2003). Accordingly, based on the record before us, we hold
that the trial court did not err in denying appellant’s motion for DNA testing. We
overrule appellant’s sole issue.
 
 
 
 
 
 
Conclusion
          We affirm the judgment of the trial court.
 
                                                             Evelyn V. Keyes
                                                             Justice
 
Panel consists of Justices Taft, Keyes, and Hanks.
Publish. Tex. R. App. P. 47.2(b).